UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION




\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| RAVEN INDUSTRIES, INC., and AEROSTAR INTERNATIONAL, INC., | \* \* \* | CIV 04-4102 |
| Plaintiffs, | \* \* | MEMORANDUM OPINION AND ORDER |
| vs. | \* \* | |
| CRUM & FORSTER INDEMNITY COMPANY, and THE NORTH RIVER INSURANCE COMPANY, and UNITED STATES FIRE INSURANCE COMPANY, | \* \* \* \* | |
| Defendants. | \* \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is Plaintiffs' Motion for Leave to File Amended Complaint, Doc. 11. Defendants resist adding Crum & Forster Holding, Inc. as a new defendant, and resist adding a civil conspiracy count as to Crum & Forster Holding, Inc. and Crum & Forster Indemnity Company. Defendants do not object to adding the civil conspiracy count as to North River Insurance Company and United States Fire Insurance Company. For the following reasons, Plaintiffs will be allowed to file the Amended Complaint as proposed.

## BACKGROUND

Plaintiff Raven Industries, Inc. ("Raven") is a corporation with its principle place of business in Sioux Falls, South Dakota. Plaintiff Aerostar International, Inc. ("Aerostar") is a wholly-owned subsidiary of Raven, with its principle place of business in Sioux Falls. Raven and Aerostar were insured by the three defendants. Crum & Forster Indemnity Company ("C & F Indemnity") is a Delaware corporation with its principal place of business in Morristown, New Jersey. The North River Insurance Company ("North River"), a New Jersey corporation with its principle place of business in Morristown, New Jersey, is a wholly-owned subsidiary of Crum & Forster. United States Fire Insurance Company ("US Fire"), also a wholly-owned subsidiary of Crum & Forster, is a

Delaware corporation with its principal place of business in Morristown, New Jersey. Plaintiffs want to add a new defendant, Crum & Forster Holding, Inc. ("C & F Holding"), which Defendants have disclosed as the parent company of the three defendants.

This case concerns allegations of bad faith, breach of contract and conversion by Defendants in relation to insurance policies they issued to Plaintiffs. The allegations stem from three separate underlying claims against Raven and Aerostar. The first matter is the "Madis Litigation" venued in New Jersey state superior court. The second matter is the "Delphi Claim" in Georgia. Finally, there is the "Harrison Aire Litigation" venued in Federal District Court for the Eastern District of Pennsylvania. Plaintiffs assert that Defendants owe them a defense in the Harrison Aire litigation, and that Defendants should reimburse them for their costs incurred in defending themselves. Further, Plaintiff Raven asserts that Defendants failed to properly investigate the Delphi Claim before settling it. Finally, Raven asserts that Defendants belatedly accepted the obligation to defend Raven in the Madis litigation. Though North River paid the settlement proceeds necessary to obtain a Release of All Claims in favor of Raven, Raven asserts it is entitled to be reimbursed for its defense costs incurred prior to North River accepting the defense. Plaintiff Raven has asserted a conversion claim, alleging that Defendants collected the $100,000 deductibles, or a portion of them, in the Delphi Claim and the Madis Litigation from the letters of credit securing Raven's payment of the deductibles.

In the initial Complaint, Plaintiffs ask for declaratory relief in the form of a ruling that Defendants are obligated to provide a defense in the Harrison Aire Litigation (Count I). Damages are sought for breach of contract (Counts II, III, V), conversion (Counts IV and VI) and bad faith (Count VII). Plaintiffs seek to add a civil conspiracy count against the three current defendants and C & F Holding. That amendment is in Count V of the proposed Amended Complaint.

## DISCUSSION

"The Federal Rules of Civil Procedure liberally permit amendments to pleadings." *Dennis v. Dillard Dept. Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000); *see also* Fed. R. Civ. P. 15(a). Leave

to amend should normally be granted absent good reasons to the contrary. *See Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000). "A district court can refuse to grant leave to amend a pleading only where it will result in 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Dennis*, 207 F.3d at 525 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

As stated earlier, Defendants do not object to an amendment to assert a civil conspiracy cause of action against US Fire and North River. That leaves Plaintiffs' proposed amendments to add C & F Holding as a party and to add a cause of action for civil conspiracy against C & F Indemnity and C & F Holding. Those amendments are intertwined and the Court will address them together.

Count IV of the initial Complaint alleges that North River unlawfully and wrongfully caused US Fire to draw down on a letter of credit issued for US Fire's benefit to eliminate a disputed debt owed by Raven to North River. The disputed debt arose out of the Delphi litigation. Raven sold a holding tank to Delphi Automotive in Fitzgerald, Georgia, for use in Delphi's automobile battery plant. The tank was to hold over 2,000 gallons of sulfuric acid used in the manufacture of batteries. The tank cracked, releasing hundreds of gallons of sulfuric acid. North River has admitted that there was coverage for the Delphi spill under a commercial general liability policy ("CGL") issued to Raven. Raven had a $100,000 deductible under the CGL policy. Unbeknownst to Raven, North River negotiated a settlement of Delphi's claim for $150,000. When Raven received a settlement document and release of all claims for its signature, it refused to sign the document and communicated its objection to the settlement to Crum & Forster and/or North River. Despite Raven's objections, the Delphi claim was settled for $150,000. Raven refused to pay the $100,000 deductible. Raven, through Wells Fargo Bank, had issued to US Fire a stand-by letter of credit naming US Fire as the beneficiary. The letter of credit issued to US Fire expressly stated that only an officer of US Fire could demand payment pursuant to the letter of credit. US Fire made a demand for a $100,000 payment at Wells Fargo. The bank honored the demand and deducted $100,000 from

3

Raven's account. Defendants admit that the demand on the US Fire letter of credit was used to satisfy Raven's debt of $100,000 to North River.

Plaintiffs assert that not until they received Defendants' corporate disclosure statement did they realize that C & F Holding is the parent of US Fire and North River. They believe that the allegations in the initial Complaint make clear that North River was only able to have US Fire draw down on the Plaintiff's line of credit due to the fact that they share a corporate parent. Defendants argue that no such allegation exists in the initial Complaint. The Court notes, however, that whenever North River is referred to in Count IV of Plaintiffs' Complaint, reference is also made to "Crum & Forster." It appears to the Court that at the time the initial complaint was filed Plaintiffs believed C & F Indemnity was the parent corporation, and that Plaintiffs clearly thought liability existed on behalf of that organization for the allegedly unlawful draw down on the line of credit.

Defendants contend that C & F Holding cannot be held liable for wrongdoing of its subsidiaries simply because it is the corporate parent. According to Defendants, Plaintiffs have not alleged facts tending to show an agreement or a "meeting of the minds" between C & F Holding and any other defendant to participate in the draw on the letter of credit in the Delphi claim, and there are no references in the Amended Complaint to C & F Holding's participation in the decision to draw or how its participation was necessary to make the draw. Rule 9(b) of the Federal Rules of Civil Procedure requiring fraud to be stated with particularity does not apply in this case. Plaintiffs must simply make a "short and plain statement . . . showing that [they are] entitled to relief." Fed. R. Civ. P. 8(a). In the proposed Amended Complaint, Plaintiffs contend that C & F Holding is liable as a co-conspirator with the other defendants for unlawfully drawing down on the Delphi letter of credit and converting Raven's funds and interest therein. The allegations set forth the period of the conspiracy, the object of the conspiracy, and certain actions conspirators took to achieve its purpose, providing C & F Indemnity and C & F Holding with adequate notice of the basis upon which Plaintiffs will seek to recover under the civil conspiracy theory. It remains to be seen whether, at the close of discovery, Plaintiffs will have enough evidence of C & F Indemnity and C & F Holding's participation in the draw down. At this early stage of the litigation, it is not clear that it

4

would be futile to allow Plaintiffs to amend the complaint. Defendants may renew the issue following completion of discovery in a properly presented summary judgment motion. The Court finds under Federal Rule of Civil Procedure 15(a) that justice requires leave to amend the Complaint. Accordingly,

IT IS ORDERED:

1. That the plaintiffs' Motion for Leave to File Amended Complaint, doc. 11, is granted, and the plaintiffs may file the Amended Complaint as proposed;

2. That from the date of the entry of this order, the caption in this case shall be as follows:

RAVEN INDUSTRIES, INC. and
AEROSTAR INTERNATIONAL, INC.

Plaintiffs,

-vs-

CRUM & FORSTER INDEMNITY
COMPANY; THE NORTH RIVER
INSURANCE COMPANY; UNITED
STATES FIRE INSURANCE COMPANY;
and CRUM & FORSTER HOLDING, INC.
Defendants.

Dated this 17th day of May, 2005.

BY THE COURT:

_____
Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Shelly Margalier*
DEPUTY

5